UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBER MPL1757560.21,<br><br>    Plaintiff,<br><br>v.<br><br>EVANGELOS DROSOS, and DROSOS LORENZO & ASSOCIATES, PC,<br><br>    Defendants. | Civ. No. 2:23-cv-20801 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

Certain Underwriters at Lloyd's, London, Subscribing to Policy Number MPL1757560.21 ("Plaintiff") seeks a declaratory judgment as to its right to disclaim any duty to defend or indemnify Defendants Evangelos Drosos and Drosos Lorenzo & Associates, PC in a lawsuit filed against them by a hospital. Mr. Drosos is an individual accountant and Drosos Lorenzo & Associates, PC is his accounting firm. Defendants claim Plaintiff should be estopped from denying coverage. Before the Court is Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56. ECF No. 32. For the reasons set forth below, the motion is **GRANTED**.

### I.   BACKGROUND[1]

*The Policy*

From November 29, 2021 to September 22, 2022, Defendants were insured under a professional liability insurance policy ("Policy") issued by Plaintiff. PSUMF ¶ 25. The Policy, which excluded coverage for misappropriate of funds, stated:

> We will have no obligation to pay any sums under this Coverage Part, including any damages or claim expenses, for any claim. . .based upon or arising out of the actual or alleged theft, misappropriation, commingling, or conversion of any funds, monies, assets, or property; however, this exclusion will not apply to an otherwise

---

[1] Unless otherwise indicated, the undisputed facts are derived from Plaintiff's Statement of Undisputed Material Facts ("PSUMF"), ECF No. 32-1, subject to Defendants' properly raised objections thereto, in addition to other materials in the record that are properly before the Court. The Court "view[s] the record and draw[s] inferences in a light most favorable to the non-moving party." *Knopick v. Connelly*, 639 F.3d 600, 606 (3d Cir. 2011) (quoting *In re IKON Office Solutions, Inc.*, 277 F.3d 658, 666 (3d Cir. 2002)).

covered claim alleging your negligent performance of accounting services and resulting from a theft misappropriation, commingling, or conversion committed by someone other than an insured.

*Id.* at ¶ 26 (quoting the exclusion); *see also* Pl. Ex. D, ECF No. 32-7. On September 19, 2022, Defendants notified Plaintiff of a lawsuit in which it was entangled and submitted a request for coverage. PSUMF ¶ 27; *see* Pl. Ex. E, ECF No. 32-8.

### *The Underlying Action*

On May 25, 2022, an accounts-receivable lender ("AR lender") filed suit against a hospital in the Superior Court of New Jersey. PSUMF ¶ 1. The AR lender seeks to recover money from the hospital owed under two revenue purchase agreements that the lender entered into with Drosos Lorenzo & Associates, PC and other entities allegedly owned and controlled by Mr. Drosos. PSUMF at ¶¶ 1-4. The AR lender contends that the entities defaulted under the purchase agreements; it sued the hospital—the alleged account debtor of the entities—to act on its purported rights as a secured party under the terms of the agreements. *Id.* at ¶¶ 8-9.

On June 13, 2022, the hospital answered the AR lender's complaint, asserted a counterclaim, and filed a third-party complaint against Defendants. *Id.* at ¶ 13. The third-party complaint has since been amended twice. *Id.* All third-party complaints filed against Defendants have alleged fraud, conversion, and misappropriation. Def. Stmt. of Add'l Facts ¶ 2, ECF No. 33-1. Specifically, the operative second amended third-party complaint, filed on June 27, 2023, asserts nine causes of action against Defendants, including claims for conversion, conspiracy to commit conversion, fraud, conspiracy to commit fraud, breach of fiduciary duty, accounting, imposition of a constructive trust, and RICO violations. PSUMF ¶ 24. The hospital contends that the amounts sought by the AR lender in the underlying complaint are not actually accounts receivable but instead constitute funds that Defendants misappropriated. *Id.* at ¶ 14. It further alleges that Mr. Drosos falsely presented himself to the hospital as a reputable accountant who could assist the hospital with payroll taxes but, after receiving funds for payroll services, fraudulently presented such funds as accounts receivable to lenders in order to obtain large upfront loans. *Id.* at ¶¶ 14-15. Defendants are accused of misrepresenting the fiduciary accounts containing the hospital's payroll funds as a basis to enter into the revenue purchase agreements with the AR lender and, in turn, of orchestrating a "nefarious embezzlement scheme" that stole millions of dollars. *Id.* at ¶¶ 15, 21.

On September 19, 2022, Defendants noticed the Underlying Action to Plaintiff. *Id.* at ¶ 21 About a month later, by letter dated November 16, 2022, Plaintiff agreed to defend Defendants in the Underlying Action, subject to a reservation of rights. *Id.* at ¶¶ 27-29. The reservation of rights letter ("Letter") quoted the aforementioned "Misappropriation of Funds" exclusion under the Policy and advised Defendants that the exclusion could apply to preclude coverage. *Id.* at ¶ 30. The Letter further informed Defendants of their "right to accept the defense that is being offered subject to a reservation of rights, or to reject the defense and retain personal counsel of your choosing." *Id.* at ¶ 31 (quoting the Letter).

2

Defendants were asked to sign and return the Letter if they agreed to Plaintiff's reservation of rights. *Id.* at ¶ 31. On November 17, 2022, Defendants signed the Letter and agreed that Plaintiff's defense of the Underlying Action would be subject to the reservation of rights. *Id.* at ¶ 33. As noted, the hospital subsequently amended its third-party complaint twice. *Id.* ¶¶ at 24, 34. Plaintiff alleges that, after reviewing the operative second amended third-party complaint filed in June 2023, it determined that coverage for the hospital's allegations against Defendants was precluded by the Misappropriation of Funds exclusion. *Id.* at ¶ 34. On September 19, 2023, Plaintiff informed Defendants of this determination and that it would be seeking a declaratory judgment of "no coverage," but that it would continue to offer Defendants a courtesy defense in the Underlying Action that could be accepted or rejected. *Id.* at ¶ 35. Defendants did not reject the terms of Plaintiff's offer of a courtesy defense. *Id.*

### *The Present Litigation*

On September 29, 2023, Plaintiff commenced this action seeking a declaration that it has no duty to defend or indemnify Defendants in connection with the Underlying Action. ECF No. 1. Defendants answered the complaint on December 13, 2023 and asserted three counterclaims against Plaintiff for breach of the duty of good faith and fair dealing, declaratory judgment, and breach of contract. ECF No. 8. On January 16, 2024, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) and to dismiss Defendants' counterclaims pursuant to Rule 12(b)(6). ECF No. 11. On May 21, 2024, this Court issued an Opinion and Order (1) denying Plaintiff's Rule 12(c) motion for judgment on the pleadings without prejudice and (2) granting in part Plaintiff's Rule 12(b)(6) motion to dismiss Defendants' counterclaims. ECF Nos. 18, 19. The Court denied Plaintiff's motion to dismiss Defendants' breach of contract counterclaim. *See id.* The Court also found that the hospital's allegations in the operative third-party complaint "squarely fit under the plain language of the Misappropriation of Funds exclusion." ECF No. 18. Additionally, the Court found that an issue of fact remained as to whether Plaintiff appropriately reserved its rights in the Letter, which had not been attached to the pleadings, and observed that discovery must proceed on this issue. *Id.* The parties conducted and completed discovery. *See* ECF No. 29. On December 29, 2024, Plaintiff filed its motion for summary judgment. ECF No. 32. Defendants opposed the motion. ECF No. 33. Plaintiff filed its reply brief on December 23, 2024. ECF No. 34.

## II.   LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court construes all facts and inferences in the light most favorable to the non-moving party. *See Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The Court may not, however, make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts at this stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The moving party bears the initial burden of showing the basis for its motion and identifying those

portions of the record that it believes demonstrate the absence of a genuine issue of material fact—that is, the "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). Once the moving party meets this burden, the burden shifts to the non-moving party to "come forward with specific facts showing that there is a 'genuine issue for trial' and do more than 'simply show that there is some metaphysical doubt as to the material facts.'" *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48. "A fact is 'material' . . . if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson*, 477 U.S. at 248). "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

### III. DISCUSSION[2]

The parties dispute whether Plaintiff is barred from disclaiming coverage under the equitable doctrine of estoppel. The Court, having already found the Policy's Misappropriation of Funds applies to the hospital's allegations in the Underlying Action, need only resolve this issue. ECF No. 18. As the Court noted in its May 2024 Opinion, estoppel ordinarily presents a triable question of fact, but the interpretation of a reservation of rights letter is an issue of law for the court. *Id.*; *see Elizabethtown Water Co. v. Hartford Cas. Ins. Co.*, 15 F. Supp. 2d 561, 565 (D.N.J. 1998); *Petersen v. New Jersey Mfrs. Ins. Co.*, No. A-0459-12T4, 2014 WL 1716073, at *4 (N.J. App. Div. May 2, 2014).

Estoppel should only be applied in "very compelling circumstances, where the interests of justice, morality, and common fairness clearly dictate that course." *Transamerica Occidental Life Ins. Co. v. Total Sys., Inc.*, No. 08-1323, 2008 WL 4601764, at *2 (D.N.J. Oct. 15, 2008) (internal quotation marks and citation omitted). As the Supreme Court of New Jersey has explained, "[u]nder certain circumstances an insurance carrier may be estopped from asserting the inapplicability of insurance to a particular claim against its insured despite a clear contractual provision excluding the claim from the coverage of the policy." *Griggs v. Bertram*, 443 A.2d 163, 167 (1982). The most common circumstance is when an insurance carrier undertakes to defend its insured against a lawsuit. *Id.* If the insurer does so "with knowledge of facts that are relevant to a policy defense or to a basis for noncoverage of the claim, *without a valid reservation of rights to deny coverage at a later time*, it is estopped from later denying coverage." *Id.* (emphasis added). The two elements required for estoppel are: "(1) 'a misrepresentation as to the fact or extent of coverage, innocent or otherwise, by the insurer or its agent, and (2) reasonable reliance by the insured thereon to his ultimate detriment.'" *Countryside Oil Co. v. Travelers*

---

[2] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). The parties do not dispute that New Jersey law applies.

*Ins. Co.*, 928 F. Supp. 474, 481 (D.N.J. 1995) (quoting *Martinez v. John Hancock Mut. Life Ins. Co.*, 367 A.2d 904, 911 (N.J. App. Div. 1976)).

Plaintiff argues summary judgment is appropriate since Defendants cannot sustain either element of estoppel under New Jersey law. Mov. Br. 16-19, ECF No. 32. With respect to the first prong—misrepresentation—Plaintiff points to its November 16, 2022 Letter reserving its right to dispute coverage at a later date and notes that it never made any misrepresentations to Defendants about its defense since it explicitly advised Defendants that the Misappropriation of Funds exclusion could apply. *Id.* at 18. Further, Plaintiff argues that Defendants cannot establish the second element—reasonable reliance on Plaintiff's position to its determinant—because the Letter provided Defendants the right to reject the defense under reservation and to appoint personal counsel. *Id.* Plaintiff notes that Defendants never rejected the offer of defense under reservation but instead expressly agreed to Plaintiff's Letter that the defense would be subject to its reservation of rights. *Id.* at 18-19.

Defendants essentially contend that Plaintiff should be estopped from denying coverage because it failed to disclaim coverage within a reasonable timeframe. *See* Def. Opp. 5-8, ECF No. 33. They observe that Plaintiff has provided "extensive litigation defense coverage" for two years, all the while "knowing full well that [Defendants were] alleged to have committed fraud, conversion, and misappropriation." *Id.* at 8. Defendants further highlight the undisputed fact that the hospital's original third-party complaint, filed in June 2022, as well as all amended complaints, contain claims of fraud, conversion, and misappropriation. *Id.* at 3. Defendants suggest that if Plaintiff were to deny coverage, it should have done so in response to the *original* third-party complaint filed by the hospital. They argue that, at this late stage, denial of coverage would "wreak havoc on [them], causing them lasting prejudice and damage." *Id.* at 2-4.[3]

The Court is not persuaded by Defendants' effort to invoke estoppel. First, Defendants' cited case law is distinguishable from the issue at hand and does not bolster their argument for estoppel. For example, Defendants reference the New Jersey Supreme Court's decision in *Griggs* stating that a carrier's "[u]nreasonable delay in disclaiming coverage, or in giving notice of the possibility of such a disclaimer, even before assuming actual control of a case or a defense of an action, can estop [the] insurer from later repudiating responsibility under the insurance policy." *Id.* at 5-6 (citing *Griggs*, 443 A.2d at 168). But as Plaintiff correctly observes, *Griggs* did not involve any reservation of rights; rather, the case concerned a carrier's lengthy delay in providing to the insured its coverage position. *Griggs*, 443 A.2d at 168. In *Griggs*, the court found estoppel based on the insurer's "unreasonable period of time to inform its insured of the possibility of a disclaimer of coverage." *Id.* That is not the case here. Nowhere in the record is there any

---

[3] In its reply brief, Plaintiff observes that the hospital's second amended third-party complaint includes various additional information not in the original complaint, including 34 new pages of allegations. Reply Br. 8-9. It notes that, although Defendants' opposition brief repeatedly references a "two year" delay period, Plaintiff advised Defendants that it was disclaiming coverage only nine months after appointing defense counsel pursuant to its reservation of rights. *Id.* at 2.

indication that Plaintiff moved slowly to inform Defendants of its coverage position and the possibility of a future disclaimer. Rather, after being notified of the Underlying Action, Plaintiff issued a timely, unambiguous reservation of rights Letter that advised Defendants that the defense was indeed under reservation and could be rejected, and that Defendants had the right to personal counsel. *See* PSUMF ¶ 31. Based on the record before the Court—primarily the Letter—no reasonable factfinder could find that Defendants have established that Plaintiff made any knowing or internal misrepresentation of coverage that would likely induce reliance by Defendants to their detriment. *See Hailey v. City of Camden*, No. 14-1018, 2017 WL 2656011, at *6 (D.N.J. June 20, 2017). Instead, Plaintiff, faced with a complicated and developing Underlying Action, acted appropriately in providing a defense while unequivocally reserving its rights to deny coverage based on an applicable Policy exclusion. Further, Defendants fail to establish the second prong of estoppel—reasonable reliance by the insured to its detriment—as they expressly agreed to Plaintiff's reservation of rights letter, which, again, advised them of their right to personal counsel. Under the circumstances of this case, equitable estoppel simply does not apply, and the Court **grants** Plaintiff's motion.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**. An appropriate order follows.

Date: March 25, 2025

WILLIAM J. MARTINI, U.S.D.J.